UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M.G., a minor,

    Plaintiff,        Civil Case No.
vs.              10-CV-12957

COMMISIONER OF        HON. MARK A. GOLDSMITH
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 22) AND
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 17), IN
PART, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 21),
AND REMANDING TO THE COMMISSIONER**

   This matter is presently before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Laurie J. Michelson, entered on September 2, 2011 (Dkt. 22). The Magistrate

Judge recommends that the Court grant Plaintiff's motion for summary judgment (Dkt. 17), in

part, deny Defendant's motion for summary judgment (Dkt. 21), and remand the case to the

Commissioner of Social Security for further proceedings. Plaintiff and Defendant have not filed

objections to the R&R and the time to do so has expired. Thus, Plaintiff and Defendant have

waived any further right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985).

   Plaintiff has brought suit against Defendant for denial of his application for

Supplemental Security Income under the Social Security Act. The Social Security regulations

provide that, in determining a child's disability claims, the child's impairment must "meet,

medically equal, or functionally equal" an impairment listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (the Social Security "Listings"). 20 C.F.R. § 416.924. The Magistrate Judge

concluded that the ALJ provided only conclusory analysis in determining that Plaintiff did not

meet or medically equal an impairment found in the Listings and left an inadequate record for the Court to determine if sufficient evidence favorable to the claimant was acknowledged. The Magistrate Judge also concluded that Plaintiff has not established that the ALJ's functional equivalence findings are not supported by substantial evidence. The Court has reviewed the R&R and finds that the Magistrate Judge has reached the correct result for the correct reasons.

Accordingly, the Magistrate Judge's R&R (Dkt. 22) is accepted and adopted as the findings and conclusions of the Court. Plaintiff's motion for summary judgment (Dkt. 17) is granted, in part, Defendant's motion for summary judgment (Dkt. 21) is denied, and the case is remanded to the Commissioner for further proceedings as recommended by the R&R. Specifically, on remand, the ALJ shall articulate which Listing(s) Plaintiff's impairments are being compared to, and make factual findings pertaining to the criteria within those Listing(s). Furthermore, in Sorenson v. Astrue, a district court remanded in part because the ALJ's analysis was "perfunctory," noting that:

> Plaintiff criticizes the ALJ's discussion of the other [functional] domains as long on recitation and short on reasoning. Because the ALJ need only minimally articulate her reasoning . . . these arguments may not constitute an independent basis for reversal and remand. However, given the need to re-evaluate credibility and the Listings, as discussed above, it would behoove the ALJ on remand to offer better explanations on the other domains.

Sorenson v. Astrue, No. 10-C-0582, 2011 WL 1043362, at *9-11 (E.D. Wis. Mar. 18, 2011). Similarly, in the instant case, to the extent that the ALJ's more thorough analysis of the record leads to factual findings that would materially affect the existing functional equivalence analysis, the ALJ should alter that analysis accordingly.

SO ORDERED.

Dated:  March 21, 2012                           s/Mark A. Goldsmith
      Flint, Michigan                              MARK A. GOLDSMITH
                                         United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2012.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager
