UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M.G., a minor,

       Plaintiff,                                  Civil Action No. 10-cv-12957

       v.                                       District Judge Mark A. Goldsmith
                                                Magistrate Judge Laurie J. Michelson

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION
TO GRANT APPLICATION FOR ATTORNEY FEES [25]**

      Plaintiff M.G., a child, brought this action to challenge Defendant Commissioner of Social Security's denial of his application for Supplemental Security Income under the Social Security Act. On March 21, 2012, District Judge Mark A. Goldsmith adopted the recommendation of this Court and remanded Plaintiff's case to the ALJ. *M.G. v. Comm'r of Soc. Sec.*, No. 10-CV-12957, — F. Supp. 2d —, 2012 WL 954638 (E.D. Mich. Mar. 21, 2012). Before the Court for Report and Recommendation is Plaintiff's Application for Attorney Fees Under The Equal Access to Justice Act. (Dkt. 25, Pl.'s App. for Fees; Dkt. 26, Order of Reference.)

      The Equal Access to Justice Act (the "Act") provides, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . [in] proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A).

      The Commissioner's response to Plaintiff's Application for Attorney Fees states, "Because

the amount of fees and expenses sought by Plaintiff are reasonable, the Commissioner has no objection to Plaintiff's request for $3,321.00 in fees and $91.20 in expenses, for a total of $3,412.20." (Dkt. 27, Def.'s Resp. to App. for Fees at 1-2.) The Court therefore finds that an award of fees is appropriate under the Act. *See Branson v. Astrue*, No. 3:07-CV-041, 2008 WL 2498111, at *1 (E.D. Tenn. June 17, 2008) ("[T]he Commissioner filed a Response, stating he did not oppose plaintiff's request for EAJA attorney's fees, thereby conceding that the government's position in this matter was not substantially justified."); *Veltkamp v. Comm'r of Soc. Sec.*, 531 F. Supp. 2d 810, 813 (W.D. Mich. 2007) ("By acquiescing in Veltkamp's application for EAJA fees, the Commissioner effectively concedes that his position in this litigation was not substantially justified, and the court so finds.").

The Court, however, recommends a slight reduction in the award amount. In particular, the Court recommends that $3,075 in fees ($125 x 24.6 hours) be awarded instead of the requested $3,321.00 ($135 x 24.6 hours). The Act provides:

> "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees. (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) *attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.*)

28 U.S.C.A. § 2412(d)(2)(A) (emphasis added). Plaintiff requests reimbursement at a rate of $135 per hour but provides no justification for deviating from the hourly rate set forth in

2

§ 2412(d)(2)(A)(ii).  (*See generally*, Pl.'s App. for Fees.)  Therefore, $3,075 in fees ($125 x 24.6 hours) should be awarded instead of the requested $3,321.00.

In sum, given the parties' positions, the Court RECOMMENDS that Plaintiff be awarded $3,166.20 (which includes requested expenses of $91.20).

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

                s/Laurie J. Michelson
                LAURIE J. MICHELSON
                UNITED STATES MAGISTRATE JUDGE

Dated: August 7, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 7, 2012.

                                      s/Jane Johnson
                                      Deputy Clerk